[No. 17524. Department One. March 16, 1923.]

P. A. HARRINGTON et al., Appellants, v. THE STATE OF WASHINGTON, Respondent.[1]

HIGHWAYS (33)—CONTRACTS—BIDS—FORFEITURE OF DEPOSIT. Rem. Comp. Stat., § 6767, providing that a bidder on state highway work shall deposit a certified check equal to five per cent of the amount of the bid, fixes the limit of the loss a bidder can suffer for failing to enter into a contract; and on forfeiture of a deposited check in a larger sum, the bidder is entitled to a return of the excess.

COSTS (69)—ON APPEAL—OMISSION AFFECTING RIGHT. Where an illegal excess in a forfeiture, though mentioned in the complaint and in the appellant's brief on appeal, was not called to the attention of the trial court, a modification reducing the amount of the judgment will be without costs to either party.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered June 13, 1922, upon findings in favor of the defendant, dismissing an action to recover a deposit on a bid for state highway construction work. Modified.

Murphy & Kumm, for appellants.

The Attorney General and C. G. Jeffers, Assistant, for respondent.

MITCHELL, J.—On April 5, 1921, the state highway committee, acting on behalf of the state, called for bids for clearing, grading, draining and paving with

[1] Reported in 213 Pac. 449.

concrete 8.6 miles of the Pacific Highway. Appellants, desiring to bid, were furnished with plans and specifications of the proposed work by the highway department. At the same time they were furnished with written instructions to bidders, among others, as follows:

"PROPOSAL GUARANTY:

"A certified check made payable to the treasurer of the State of Washington for an amount equal to at least 5 per cent. of the total amount bid must accompany each bid as evidence of good faith and as a guaranty that if awarded the contract the bidder will execute the contract and give bond as required.

"FAILURE TO EXECUTE CONTRACT:

"A failure to comply with any of the requirements of the instructions to bidders and contract, or failure to secure satisfactory bond as specified, shall be just cause for the annulment of the award, and in the event of the annulment of the award the amount of the guaranty deposited with the proposal shall be retained by the state."

Appellants submitted a bid in the sum of $265,232.67, accompanied with a certified check in the sum of $15,-000, payable to the state of Washington. Thereafter, on the date fixed for the opening of bids, the highway committee, on behalf of the state, accepted the bid and certified check of the appellants and notified them thereof, sending to them a proposed contract and bond to be executed. The contract and bond were not executed.

Claiming to have discovered a substantial error to their disadvantage in preparing their bid, appellants made application to be relieved from the bid and have their certified check returned to them. The state highway committee considered the application from time to time, and on May 19, 1921, passed a resolution reciting the prior formal acceptance of the bid; the fail-

ure and refusal of the bidders to enter into a contract or to furnish a bond in compliance with the terms of the bid and as required by law; that the bidders, Harrington-Peters, had announced that they would not enter into a contract or furnish a bond; that they had asked for the return of the certified check upon the ground of mistake, but had failed to furnish any evidence of any legal mistake to the committee; and "that the amount of the check in the sum of $15,000 be forfeited to the public highway fund on account and by reason of the failure and refusal of the firm of Harrington-Peters Company to enter into said contract and to furnish said bond."

Thereupon this suit was brought for relief against the forfeiture and to recover judgment against the state in the sum of $15,000 and interest. Upon the trial, the court made full and complete findings of fact and conclusions of law in favor of the state, and entered judgment dsmissing the action, from which this appeal has been taken.

The findings covered the facts hereinbefore stated, and in addition thereto that the funds ordered forfeited had been paid by the state highway committee into the public highway fund of the state; and

"That in compiling and totaling the figures which made up item XI as shown in the form on which plaintiffs submitted their said bid, plaintiffs made no error or mistake through inadvertence or otherwise, and did not omit from the amount of their bid on said item XI an item of 31c per square yard, or any other item or amount; that all the allegations of the complaint with respect to error and mistake in, and omission from, the said bid submitted by plaintiffs are not sustained by the evidence."

The burden of proof is on the appellants, and from an examination of the evidence we are not convinced

that it preponderates against the findings and conclusions of the trial court. There is no contention, nor can there be any, that the findings do not support the judgment, mainly. However, the attempted forfeiture of all of the $15,000 was in excess of the right and power of the state. The statute, § 6767, Rem. Comp. Stat., provides for a deposit "equal to five per cent. of the amount of his bid," which shall be forfeited if the successful bidder fails to enter into a contract and furnish a bond. This, we think, is the limit a bidder can be made to suffer loss if he fails to enter into a contract and furnish a bond pursuant to his bid and as provided by law. In this case, five per cent of the bid amounts to $13,261.63, or $1,738.37 less than the $15,000 the state declared to be forfeited.

The cause is remanded with directions to modify the judgment so as to allow the appellants to recover $1,738.37, with interest at the rate of six per cent per annum from July 8, 1921, the date of the commencement of this action. Although this feature, calling for a modification of the judgment, was mentioned in the complaint and in appellants' brief in this court, it seems not to have been called to the attention of the trial court at the time the judgment appealed from was entered, and for that reason neither party will recover costs on the appeal.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.